**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NICKY JOSUE VALIENTE,<br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, et al.,<br>Respondents. | ) | C.A. No. 26-cv-459-MRD-PAS |

**ORDER**

Following the Immigration Court's August 14, 2026 written order denying Petitioner bond on the basis that he is a danger to the community, ECF No. 17-1, Petitioner filed a Motion for Further Relief in this Court. ECF No. 17. Petitioner asks this Court to release him and order a new bond hearing before a different immigration judge on the basis that the order denying bond did not apply the correct legal standard to the evidence presented at the hearing. *Id.* In response, the Government reminds that the district court does not have jurisdiction to "set aside any . . . decision . . . under [§ 1226] regarding the . . . denial of bond . . . ." ECF No. 19 at 2–5 (quoting 8 U.S.C. § 1226(e). In reply, Petitioner points out that the Ninth Circuit Court of Appeals has held that, despite the clear language of § 1226(e), the district courts within their Circuit may indeed review "question[s] of law" arising from an Immigration Court's application of the standard for dangerousness during a bond proceeding. ECF No. 21 at 4 (citing *Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024)).

Petitioner has made a valiant effort to persuade this Court that his challenge to the Immigration Court's decision to deny bond is one that this Court can consider and remedy. The bottom line is that this Court disagrees with Petitioner's characterization of the Immigration Court's decision as a failure to apply the correct legal standard to the evidence submitted before it. Even if this Court chose to adopt the Ninth Circuit's pronouncement that the district court may "assess whether an IJ correctly applied the statutory standard to a given set of facts," *Martinez*, 124 F.4th at 783 (citing *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)), here Petitioner is cherry-picking details from the Immigration Court's order while failing to acknowledge that the order in fact recognizes and discusses the evidence presented

to it. This includes evidence that weighed both in favor of and against a finding that Petitioner posed a danger to the community. Despite claims to the contrary, Petitioner is asking this Court to re-weigh the evidence previously considered by the Immigration Judge, which it cannot do. Petitioner's motion is, therefore, DENIED.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

9/8/2026